# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

DAVID CUNNINGHAM,

      Plaintiff,

v.

HOHM TECH, INC., BECARA LLC d/b/a
"Hohm Tech", JOHN RENFRO SUPPLY,
INC., and VAPOR FOX, LLC,

      Defendants.

Case No.: _____

**JURY DEMAND**

---

## COMPLAINT

---

    **COMES NOW** the Plaintiff, David Cunningham, to sue the Defendants, Hohm Tech, Inc., Becara LLC d/b/a "Hohm Tech", John Renfro Supply, Inc., and Vapor Fox, LLC, for the claims stated herein. In support thereof, Plaintiff states:

## THE PARTIES, JURISDICTION & VENUE

1.    Plaintiff David Cunningham is a Tennessee citizen, resident, and domiciliary.

2.    Defendant Hohm Tech, Inc. is a California corporation with its principal place of business located in California.

3.    Defendant Hohm Tech, Inc. may be served with process on its registered agent: Benjamin Ramalho, 13921 Sycamore Way, Chino, CA 91710.

4.    Defendant Becara LLC d/b/a "Hohm Tech" is a Wyoming limited liability company with its principal place of business located in Wyoming. Defendant Becara LLC's sole member is Riley Park. Mr. Park is a Wyoming citizen, resident, and domiciliary.

5.     Defendant Becara LLC d/b/a "Hohm Tech" may be served with process on its registered agent: Registered Agents, Inc., 30 N. Gould Street, Suite R, Sheridan, WY 82801.

6.     Defendant John Renfro Supply, Inc. is a Kentucky corporation with its principal place of business located in Kentucky.

7.     Defendant John Renfro Supply, Inc. may be served with process on its registered agent: Burley McFarland, 423 S. Fifth Street, Williamsburg, KY 40769.

8.     Defendant Vapor Fox, LLC is a Kentucky limited liability company with its principal place of business located in Kentucky. Defendant Vapor Fox, LLC's members are Burley McFarland, Weldie Murray, George Naumann, and Rhonda Naumann. All of Defendant Vapor Fox, LLC's members are Kentucky citizens, residents, and domiciliaries.

9.     Defendant Vapor Fox, LLC may be served with process on its registered agent: Burley McFarland, 423 S. Fifth Street, Williamsburg, KY 40769.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a state of which no Defendant is a citizen and the amount in controversy exceeds $75,000.

11.     This Court is authorized to exercise personal jurisdiction over Defendant Hohm Tech, Inc. pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

    a.     Defendant Hohm Tech, Inc. transacts business in Tennessee and Plaintiff's claims for relief against Defendant Hohm Tech, Inc. arise out of its transaction of business in Tennessee.

    b.     Defendant Hohm Tech, Inc. contracts to supply services or things in Tennessee and Plaintiff's claims for relief against Defendant Hohm Tech, Inc. arise out of its supply of services or things in Tennessee.

    c.     Defendant Hohm Tech, Inc. caused tortious injury to Plaintiff through its acts or omissions in Tennessee.

> d. Defendant Hohm Tech, Inc. caused tortious injury to Plaintiff in Tennessee through its acts or omissions outside Tennessee, and Defendant Hohm Tech, Inc. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Tennessee.

12.     The Court is additionally authorized to exercise personal jurisdiction over Defendant Hohm Tech, Inc. because Defendant Hohm Tech, Inc. enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant Hohm Tech, Inc. arise out of its contacts with Tennessee.

13.     This Court's exercise of personal jurisdiction over Defendant Hohm Tech, Inc. comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

14.     This Court is authorized to exercise personal jurisdiction over Defendant Becara LLC d/b/a "Hohm Tech" pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

> a. Defendant Becara LLC d/b/a "Hohm Tech" transacts business in Tennessee and Plaintiff's claims for relief against Defendant Becara LLC d/b/a "Hohm Tech" arise out of its transaction of business in Tennessee.
>
> b. Defendant Becara LLC d/b/a "Hohm Tech" contracts to supply services or things in Tennessee and Plaintiff's claims for relief against Defendant Becara LLC d/b/a "Hohm Tech" arise out of its supply of services or things in Tennessee.
>
> c. Defendant Becara LLC d/b/a "Hohm Tech" caused tortious injury to Plaintiff through its acts or omissions in Tennessee.
>
> d. Defendant Becara LLC d/b/a "Hohm Tech"caused tortious injury to Plaintiff in Tennessee through its acts or omissions outside Tennessee, and Defendant Becara LLC d/b/a "Hohm Tech" regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Tennessee.

15. The Court is additionally authorized to exercise personal jurisdiction over Defendant Becara LLC d/b/a "Hohm Tech" because Defendant Becara LLC d/b/a "Hohm Tech" enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant Becara LLC d/b/a "Hohm Tech" arise out of its contacts with Tennessee.

16. This Court's exercise of personal jurisdiction over Defendant Becara LLC d/b/a "Hohm Tech" comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

17. This Court is authorized to exercise personal jurisdiction over Defendant John Renfro Supply, Inc. pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

   a. Defendant John Renfro Supply, Inc. transacts business in Tennessee and Plaintiff's claims for relief against Defendant John Renfro Supply, Inc. arise out of its transaction of business in Tennessee.

   b. Defendant John Renfro Supply, Inc. contracts to supply services or things in Tennessee and Plaintiff's claims for relief against Defendant John Renfro Supply, Inc. arise out of its supply of services or things in Tennessee.

   c. Defendant John Renfro Supply, Inc. caused tortious injury to Plaintiff through its acts or omissions in Tennessee.

   d. Defendant John Renfro Supply, Inc. caused tortious injury to Plaintiff in Tennessee through its acts or omissions outside Tennessee, and Defendant John Renfro Supply, Inc. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Tennessee.

18. The Court is additionally authorized to exercise personal jurisdiction over Defendant John Renfro Supply, Inc. because Defendant John Renfro Supply, Inc. enjoys

numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant John Renfro Supply, Inc. arise out of its contacts with Tennessee.

19.     This Court's exercise of personal jurisdiction over Defendant John Renfro Supply, Inc. comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

20.     This Court is authorized to exercise personal jurisdiction over Defendant Vapor Fox, LLC pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

    a.   Defendant Vapor Fox, LLC transacts business in Tennessee and Plaintiff's claims for relief against Defendant Vapor Fox, LLC arise out of its transaction of business in Tennessee.

    b.   Defendant Vapor Fox, LLC contracts to supply services or things in Tennessee and Plaintiff's claims for relief against Defendant Vapor Fox, LLC arise out of its supply of services or things in Tennessee.

    c.   Defendant Vapor Fox, LLC caused tortious injury to Plaintiff through its acts or omissions in Tennessee.

    d.   Defendant Vapor Fox, LLC caused tortious injury to Plaintiff in Tennessee through its acts or omissions outside Tennessee, and Defendant Vapor Fox, LLC regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Tennessee.

21.     The Court is additionally authorized to exercise personal jurisdiction over Defendant Vapor Fox, LLC because Defendant Vapor Fox, LLC enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiff's claims for relief against Defendant Vapor Fox, LLC arise out of its contacts with Tennessee.

22.     This Court's exercise of personal jurisdiction over Defendant Vapor Fox, LLC comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in the Eastern District of Tennessee.

## FACTS

24.     Defendant Hohm Tech, Inc. and Defendant Becara LLC d/b/a "Hohm Tech" (collectively "Hohm Tech") are in the business of and derive substantial revenue from designing, manufacturing, producing, importing, distributing, and supplying lithium-ion batteries for use in electronic cigarettes and vaporizing products.

25.     Defendant John Renfro Supply, Inc. ("Renfro Supply") is in the business of and derives substantial revenue from wholesaling, distributing, and supplying lithium-ion batteries for use in electronic cigarettes and vaporizing products.

26.     Defendant Vapor Fox, LLC ("Vapor Fox") is in the business of and derives substantial revenue from selling and distributing lithium-ion batteries for use in electronic cigarettes and vaporizing products.

27.     In early 2021, Plaintiff purchased two lithium-ion batteries (the "subject batteries") from a Vapor Fox retail store located near Clinton, Tennessee to use in a vaporizer.

28.     Hohm Tech designed, manufactured, produced, and imported the subject batteries, and Hohm Tech distributed and supplied the subject batteries to Renfro Supply for wholesale.

29.     Renfro Supply subsequently distributed and supplied the subject batteries to Vapor Fox.

30.     On January 27, 2021, Plaintiff was driving to work with the subject batteries placed in his front left pants pocket.

31.     Suddenly, the subject batteries exploded and caught fire.

32.     Plaintiff suffered severe second- and third-degree burn injuries as a result.

## **CONDITIONS PRECEDENT**

33.     All conditions precedent have been satisfied or excused.

## **COUNT I—STRICT LIABILITY**
### **(Against Defendant Hohm Tech, Inc.)**

34.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

35.     Defendant Hohm Tech, Inc. is responsible for designing, manufacturing, and producing the subject batteries.

36.     The subject batteries were in a defective and unreasonably dangerous condition when they left Defendant Hohm Tech, Inc.'s final possession, custody, and control.

37.     The subject batteries' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

38.     Should Defendant Hohm Tech, Inc. disclaim it is responsible for designing, manufacturing, or producing the subject batteries, Plaintiff alternatively alleges that Defendant Hohm Tech, Inc. remains liable for distributing and supplying the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Hohm Tech, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages,

non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
### (Against Defendant Hohm Tech, Inc.)

39.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

40.     Defendant Hohm Tech, Inc. is responsible for designing, manufacturing, and producing the subject batteries.

41.     The subject batteries were in a defective and unreasonably dangerous condition when they left Defendant Hohm Tech, Inc.'s final possession, custody, and control.

42.     Defendant Hohm Tech, Inc. owed a duty to properly design, manufacture, and produce the subject batteries and to ensure the subject batteries were not in a defective and unreasonably dangerous condition when they left Defendant Hohm Tech, Inc.'s final possession, custody, and control.

43.     Defendant Hohm Tech, Inc. owed a duty to provide adequate warnings, instructions, and information with the subject batteries.

44.     Defendant Hohm Tech, Inc. owed a duty to adequately inspect, test, and assure the quality of the subject batteries before the subject batteries left Defendant Hohm Tech, Inc.'s final possession, custody, and control.

45.     Defendant Hohm Tech, Inc. breached the above duties.

46.     Defendant Hohm Tech, Inc.'s breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

47.     Should Defendant Hohm Tech, Inc. disclaim it is responsible for designing, manufacturing, or producing the subject batteries, Plaintiff alternatively alleges that Defendant

Hohm Tech, Inc. remains liable for distributing and supplying the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Hohm Tech, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Against Defendant Becara LLC d/b/a "Hohm Tech")

48.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

49.     Defendant Becara LLC is responsible for designing, manufacturing, and producing the subject batteries.

50.     The subject batteries were in a defective and unreasonably dangerous condition when they left Defendant Becara LLC's final possession, custody, and control.

51.     The subject batteries' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

52.     Should Defendant Becara LLC disclaim it is responsible for designing, manufacturing, or producing the subject batteries, Plaintiff alternatively alleges that Defendant Becara LLC remains liable for distributing and supplying the subject batteries and for causing

Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Becara LLC d/b/a "Hohm Tech" in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Against Defendant Becara LLC d/b/a "Hohm Tech")

53. Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

54. Defendant Becara LLC is responsible for designing, manufacturing, and producing the subject batteries.

55. The subject batteries were in a defective and unreasonably dangerous condition when they left Defendant Hohm Tech, Inc.'s final possession, custody, and control.

56. Defendant Becara LLC owed a duty to properly design, manufacture, and produce the subject batteries and to ensure the subject batteries were not in a defective and unreasonably dangerous condition when they left Defendant Becara LLC's final possession, custody, and control.

57.     Defendant Becara LLC owed a duty to provide adequate warnings, instructions, and information with the subject batteries.

58.     Defendant Becara LLC owed a duty to adequately inspect, test, and assure the quality of the subject batteries before the subject batteries left Defendant Becara LLC's final possession, custody, and control.

59.     Defendant Becara LLC breached the above duties.

60.     Defendant Becara LLC's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

61.     Should Defendant Becara LLC disclaim it is responsible for designing, manufacturing, or producing the subject batteries, Plaintiff alternatively alleges that Defendant Becara LLC remains liable for distributing and supplying the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Becara LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V—STRICT LIABILITY
### (Against Defendant John Renfro Supply, Inc.)

62.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

63.     Renfro Supply is responsible for wholesaling, distributing, and supplying the subject batteries.

64.     The subject batteries were in a defective and unreasonably dangerous condition when they left Renfro Supply's final possession, custody, and control.

65.     The subject batteries' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

66.     Renfro Supply is liable for wholesaling, distributing, and supplying the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant John Renfro Supply, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VI—NEGLIGENCE
### (Against Defendant John Renfro Supply, Inc.)

67.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

68.     Renfro Supply is responsible for wholesaling, distributing, and supplying the subject batteries.

69.     The subject batteries were in a defective and unreasonably dangerous condition when they left Renfro Supply's final possession, custody, and control.

70.     Renfro Supply owed a duty to properly design, manufacture, and produce the subject batteries and to ensure the subject batteries were not in a defective and unreasonably dangerous condition when they left Renfro Supply's final possession, custody, and control.

71.     Renfro Supply owed a duty to provide adequate warnings, instructions, and information with the subject batteries.

72.     Renfro Supply owed a duty to adequately inspect, test, and assure the quality of the subject batteries before the subject batteries left Renfro Supply's final possession, custody, and control.

73.     Renfro Supply breached the above duties.

74.     Renfro Supply's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

75.     Renfro Supply is liable for wholesaling, distributing, and selling the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant John Renfro Supply, Inc. in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

**COUNT VII—STRICT LIABILITY**
**(Against Defendant Vapor Fox, LLC)**

76.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

77.     Vapor Fox is responsible for distributing and selling the subject batteries.

78.     The subject batteries were in a defective and unreasonably dangerous condition when they left Vapor Fox's final possession, custody, and control.

79.     The subject batteries' defective and unreasonably dangerous condition actually and proximately caused injury and damage to Plaintiff.

80.     Vapor Fox is liable for distributing and selling the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to

be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VIII—NEGLIGENCE
### (Against Defendant Vapor Fox, LLC)

81.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

82.     Vapor Fox is responsible for distributing and selling the subject batteries.

83.     The subject batteries were in a defective and unreasonably dangerous condition when they left Vapor Fox's final possession, custody, and control.

84.     Vapor Fox owed a duty to properly design, manufacture, and produce the subject batteries and to ensure the subject batteries were not in a defective and unreasonably dangerous condition when they left Vapor Fox's final possession, custody, and control.

85.     Vapor Fox owed a duty to provide adequate warnings, instructions, and information with the subject batteries.

86.     Vapor Fox owed a duty to adequately inspect, test, and assure the quality of the subject batteries before the subject batteries left Vapor Fox's final possession, custody, and control.

87.     Vapor Fox breached the above duties.

88.     Vapor Fox's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

89.     Vapor Fox is liable for distributing and selling the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee

Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT IX—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
**(Against Defendant Vapor Fox, LLC)**

90.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

91.     Vapor Fox is a merchant with respect to the subject batteries.

92.     The subject batteries are goods.

93.     Vapor Fox sold the subject batteries to Plaintiff.

94.     By selling the subject batteries to Plaintiff, Vapor Fox impliedly warranted that the subject batteries were merchantable.

95.     The subject batteries were not merchantable at the time Vapor Fox sold them to Plaintiff; instead, the subject batteries were in a defective and unreasonably dangerous condition.

96.     Vapor Fox therefore breached the implied warranty of merchantability that accompanied its sale of the subject batteries to Plaintiff.

97.     Vapor Fox is liable for distributing and selling the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee

Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT X—BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
**(Against Defendant Vapor Fox, LLC)**

98.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

99.     Vapor Fox is a merchant with respect to the subject batteries.

100.     The subject batteries are goods.

101.     Vapor Fox sold the subject batteries to Plaintiff.

102.     When Vapor Fox sold the subject batteries to Plaintiff, Vapor Fox knew Plaintiff intended to use the subject batteries to power an electronic cigarette or vaporizing product.

103.     When Vapor Fox sold the subject batteries to Plaintiff, Vapor Fox knew and understood that Plaintiff was relying on Vapor Fox's skill or judgment to select and furnish lithium-ion batteries that were suitable and fit for the particular purpose for which Plaintiff intended to use them.

104.     The subject batteries were not fit for the particular purpose for which Plaintiff intended to use them; instead, the subject batteries were in a defective and unreasonably dangerous condition.

105.    Vapor Fox therefore breached the implied warranty of fitness for a particular purpose that accompanied its sale of the subject batteries to Plaintiff.

106.    Vapor Fox is liable for distributing and selling the subject batteries and for causing Plaintiff's injuries and damages because the designer, manufacturer, and producer of the subject batteries is insolvent or is not subject to service of process in this state and the Tennessee Long-Arm Statute does not serve as a basis for obtaining service of process over the designer, manufacturer, and producer of the subject batteries.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XI—NEGLIGENCE
### (Against Defendant Vapor Fox, LLC)

107.    Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

108.    Vapor Fox sold and distributed the subject batteries to Plaintiff.

109.    At the time Vapor Fox sold the subject batteries to Plaintiff, Vapor Fox knew it was dangerous for consumers to carry lithium-ion batteries without a protective carrying case and that personal injury could be avoided in the event of a battery explosion by carrying lithium-ion batteries in a protective carrying case.

110.    Vapor Fox owed a duty to provide a protective carrying case to Plaintiff when Vapor Fox sold the subject batteries to him.

111. Vapor Fox owed a duty to inform Plaintiff about the risks and dangers of carrying the subject batteries without a protective carrying case.

112. Vapor Fox negligently failed to provide a protective carrying case to Plaintiff when he purchased the subject batteries and negligently failed to inform Plaintiff about the risks and dangers of carrying the subject batteries without a protective carrying case.

113. Vapor Fox's breaches of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT XII—VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### (Against Defendant Vapor Fox, LLC)

114. Plaintiff re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully stated herein.

115. Plaintiff purchased the subject batteries.

116. The subject batteries are Plaintiff's personal property.

117. Vapor Fox sold the subject batteries to Plaintiff.

118. At the time Vapor Fox sold the subject batteries to Plaintiff, Vapor Fox knew it was dangerous for consumers to carry lithium-ion batteries without a protective carrying case and that personal injury could be avoided in the event of a battery explosion by carrying lithium-ion batteries in a protective carrying case.

119. Notwithstanding Vapor Fox's knowledge, Vapor Fox failed to provide a protective carrying case to Plaintiff when he purchased the subject batteries and failed to inform Plaintiff about the risks and dangers of carrying the subject batteries without a protective carrying case.

120. By failing to provide a protective carrying case to Plaintiff when he purchased the subject batteries and failing to inform Plaintiff about the risks and dangers of carrying the subject batteries without a protective carrying case despite Vapor Fox's knowledge, Vapor Fox committed an unfair, deceptive, and unlawful practice affecting trade or commerce in violation of the Tennessee Consumer Protection Act of 1977.

121. Vapor Fox's violation of the Tennessee Consumer Protection Act of 1977 actually and proximately caused actual damage to the subject batteries and has rendered the subject batteries unusable valueless.

**WHEREFORE**, Plaintiff David Cunningham demands judgment for this Count against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future, including loss of value of the subject batteries, treble damages, punitive damages, attorney's fees, costs, and interest, and for any such further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

122. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully stated herein.

123. Plaintiff David Cunningham demands judgment against each Defendant in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00, for all injuries and damages he sustained, whether already incurred or to be incurred in the future,

including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

124.    Plaintiff David Cunningham further demands judgment against Defendant Vapor Fox, LLC in a fair and reasonable amount to be determined by the jury and not to exceed $10,000,000.00 for its violation of the Tennessee Consumer Protection Act of 1977, to include the loss of value caused to the subject batteries, treble damages, punitive damages, attorney's fees, costs, and interest, and for any such further relief as the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

125.    Plaintiff David Cunningham hereby demands a trial by jury on all issues so triable.

Dated: January 20, 2022                    Respectfully submitted,

<u>**s/ *Joshua D. Moore***</u>
**JOSHUA D. MOORE, ESQ.**
Tennessee Bar No.: 26491
Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Email: joshmoore@forthepeople.com
*Attorney for Plaintiff*